**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:25-CV-00166-CHB-CHL**

**BERRYTOWN APARTMENTS ASSOCIATES, LTD., et al.,**                    **Plaintiffs,**

**v.**

**NATIONWIDE ASSURANCE COMPANY,**                                              **Defendant.**

**ORDER**

Before the Court is the Motion to Bifurcate and Stay Discovery of Defendant Nationwide Assurance Company ("Nationwide") (DN 20.)  Plaintiffs Berrytown Apartments Associates, LTD and Lynne Acres Associates (collectively "Plaintiffs") file a response in opposition, and Nationwide filed a reply.  (DNs 23, 24.)  Therefore, this matter is ripe for review.

This breach of contract and bad faith action stems from storm damage to the roofs of Plaintiffs' properties for which Plaintiffs sought coverage from their insurer, Nationwide.  (DN 1.) Plaintiffs alleged that Nationwide failed to adequately cover the damage to the roof given that the shingles on the roofs at issue were no longer manufactured and no other shingles were compatible such that full replacement of the roofs was necessary.  (*Id.*)  In particular, Plaintiffs alleged that Nationwide disagreed with Plaintiffs about whether there were other shingles available that would match the shingles on the current roof to the degree required by applicable law.  (*Id.*)

Nationwide moved to bifurcate the trial of Plaintiffs' contractual claims from any trial of their extracontractual claims regarding common law bad faith, violations of the Unfair Claims Settlement Practices Act, and violations of K.R.S. § 304.12-235 and to stay discovery on the extra-contractual claims pending resolution of the contractual claim.  (DN 20.)  In support, Nationwide argued that the Court should first determine Nationwide's obligation to pay under the policies at

issue before addressing whether Nationwide acted in bad faith because a contrary determination on the first would obviate the need to address the second, which would include issues such as "Nationwide's motive, conduct, and knowledge," all of which Nationwide contended would have no bearing on the contractual claim. (*Id.* at PageID # 88.) Nationwide also argued that bifurcating the bad faith and other extra-contractual claims would "avoid the expense of litigating certain issues which may never arise and to avoid the introduction of confusing and privileged evidence until absolutely necessary." (*Id.* at 87.) Plaintiffs argued that their contractual claims and extra-contractual claims were inexplicably intertwined such that the same evidence would be offered on both claims. (DN 23.) Nationwide contested this allegation in its reply. (DN 24.)

Rule 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Further, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); s*ee also Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). Thus, whether to bifurcate claims a case and whether to hold discovery in abeyance are both within the Court's discretion. *See Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007); *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005); *Warren v. Fed. Ins. Co.*, 358 F. App'x 670, 676 (6th Cir. 2009). In deciding whether to bifurcate, courts should look to "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson*, 477 F.3d at 339 (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). "Courts should look to case-specific facts to determine whether bifurcation is proper, placing the burden on the party seeking bifurcation to show separation of issues is the most appropriate course." *White v. ABG Caulking Contrs., Inc.*,

No. 5:13-CV-00194-TBR, 2014 U.S. Dist. LEXIS 32413, at *3 (W.D. Ky. Mar. 13, 2014).  Courts frequently bifurcate claims addressing coverage and bad faith claims against insurance companies, as deciding the first claim may obviate the need to litigate the second. *See, e.g.*, *Live Nation Worldwide, Inc. v. Secura Ins.*, 298 F. Supp. 3d 1032, 1035-36 (W.D. Ky. 2018); *Graves v. Standard Ins. Co.*, No. 3:14-cv-558-DJH, 2015 WL 2453156, at *3 (W.D. Ky. May 22, 2015); *Galloway v. Nationwide Mut. Fire Ins. Co.*, No. 3:09-cv-491-JDM, 2010 WL 3927815, at *1 (W.D. Ky. Oct. 5, 2010); *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 WL 6012554, at *2-3 (W.D. Ky. Dec. 1, 2011); *Bibbey v. Amica Mut. Ins. Co.*, No. 5:20-CV-00516-EBA, 2021 WL 5204294, at *2-3 (E.D. Ky. Apr. 16, 2021); *Al J. Schneider Co. v. Hartford Fire Ins. Co.*, No. 3:20-CV-00863-BJB, 2021 WL 5702433, at *5-6 (W.D. Ky. Dec. 1, 2021).

Here, on balance, the Court concludes that bifurcation is appropriate but not a stay of discovery.  As to bifurcation, separate trials regarding the contractual claim would avoid potential prejudice and juror confusion that could result from injecting evidence of Nationwide's intent into a discussion about coverage.  It would also, as urged by Nationwide, promote convenience because if Nationwide had no obligation to pay, Plaintiffs' extracontractual claims necessarily fail.  *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (requiring party to show insurance company had obligation to pay under policy as first element of bad faith claim).  These are persuasive reasons to bifurcate these claims for trial purposes.  And while the Court understands why this could be—and often is—a reason to stay discovery, in this case, the Court concludes a stay is not appropriate.  The Court agrees with Plaintiffs that the facts supporting Plaintiffs' extracontractual claims are inexplicably intertwined with the facts supporting Plaintiffs' contractual claims as in *Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213 (W.D. Ky. 2001).  In *Tharpe*, the court found that the case was distinguishable from the usual case where bifurcation and stay was appropriate

because all of the claims related to the insurance company's handling of a chiropractor's medical bill and "[t]hus, the concerns regarding relevancy and prejudice" usually at issue in such cases "t[ook] on different contours in the context of th[e] action." *Id.* at 214. The court further stated that the relevant issues between the bad faith claims and the plaintiff's claim for basic reparations benefits were inexplicably intertwined because both would turn on the same evidence: evidence that the insurer "acted with a reasonable basis or upon a reasonable foundation i[n] that its review of the chiropractor's bill established that some charges were excessive and/or unnecessary." *Id.* at 215. Thus, the court refused to bifurcate and stay discovery on the bad faith claims. *Id.* The Court sees this case as similarly positioned given the facts alleged in Plaintiffs' Complaint. In particular, much of this case will turn on the color-matching issues detailed in Plaintiffs' Complaint, which will necessarily involve discovery regarding what Nationwide knew about the shingles and on what Nationwide based its determination that the new shingles sufficiently created a uniform appearance. These facts sufficiently straddle the line between the contractual and extra-contractual claims such that trying to draw the lines in discovery between which facts are relevant to which issue appears likely to the Court to create more discovery disputes that avoid them. For example, if this case turned instead on whether Plaintiffs' roof was damaged in a particular storm—or damaged at all—separating evidence related to when it appeared Plaintiffs' roof was damaged from evidence related to how and why the insurer reached its position would be more straightforward. But here, the issue of why and to what extent Nationwide believed the shingles it proposed using to fix undisputed damage to Plaintiffs' roof were going to create a suitably uniform appearance is intertwined with both the contractual and extra-contractual claims to an inseparable degree. Thus, the Court does not envision that staying discovery on the extra-contractual claims will conserve the resources of either the Parties or the Court.

Accordingly,

IT IS HEREBY ORDERED that Nationwide's Motion to Bifurcate and Stay (DN 20) is **GRANTED IN PART and DENIED IN PART**.    Plaintiffs' breach of contract claim is **BIFURCATED** from trial of its remaining claims, but discovery on the remaining claims is **NOT STAYED**.

Colin H Lindsay, Magistrate Judge

United States District Court

cc:  Counsel of record

September 17, 2025